UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DRAKE A. EDWARDS,

        Plaintiff,                                Case No. 3:15-cv-443

vs.

WILLIS BLACKSHEAR, *et al.*,               District Judge Thomas M. Rose
                                             Magistrate Judge Michael J. Newman

        Defendants.

---

**REPORT AND RECOMMENDATION THAT THE COURT DISMISS THIS ACTION
PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

---

This case is before the Court for a *sua sponte* review of *pro se* Plaintiff Drake A. Edwards' complaint pursuant to 28 U.S.C. § 1915(e)(2).  Plaintiff brings this action against Montgomery County Recorder Willis Blackshear ("Blackshear") and Derrik Foward ("Foward"), who is the NAACP President of Dayton, Ohio.  Doc. 1.  Plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP") on December 14, 2015 (doc. 1), which the Court granted by Notation Order.  The Court stayed service of the complaint pending this initial review under § 1915(e)(2).

**I.**

The Court accepts all of Plaintiff's "non-conclusory allegations" as true, and reads his complaint liberally, for the purposes of this initial review.  *Davis v. Prison Health Servs.*, 679 F.3d 433, 437 (6th Cir. 2012) (internal citations omitted).  In the complaint, Plaintiff alleges, verbatim:

> Sir, I've, Drake A. Edwards, been knowing Mr. Willis Blackshear for many years, and it's shameful.  However, I am not permitted to give you details see the pre-sentence report from Apr-25-2014 and that's all folks peace out!

> I will give my God "Jehovah" credit, he has been helping me since Sgt. Ronald Robinson killed my brother on 3-16-1980, and the Sgt. told he did but my mother told me not to harm him! Please put him out and jail them! Order that! King Pin.

Doc. 1-1 at PageID 4.  In the civil cover sheet attached to the complaint, Plaintiff seeks $144,000 in damages and the resignation of Foward "due to moral turpetude[,]" [sic] stemming from a "false police report and [the fact that Foward] is shielded by Willis Blackshear."  Doc. 1-2 at PageID 5.

## II.

The Court must dismiss Plaintiff's complaint upon finding his claims: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  It is appropriate for the Court to conduct this review *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a Court must dismiss a complaint if its allegations fail to state a claim upon which relief may be granted.  To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements contained in Fed. R. Civ. P. 8(a).  *See also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying Fed. R. Civ. P. 12(b)(6) standard to review under 28 U.S.C. § 1915(e)(2)(B)(ii)).  This "pleading standard does not require 'detailed factual allegations,'" but a complaint must contain more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  Facial

plausibility is established when the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To satisfy Fed. R. Civ. P. 8(a)(1), a pleading must allege grounds for the Court's jurisdiction. "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for 'diversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006).

## III.

Construing *pro se* Plaintiff's complaint liberally in his favor, the undersigned concludes that this case must be dismissed. The only substantive information before the Court is Plaintiff's statement referencing a "false police report" and Blackshear "shield[ing]" Foward. Doc. 1-2 at PageID 5. Presumably, such allegations form the basis of purported civil conspiracy, malicious prosecution, or false arrest claims under 42 U.S.C. § 1983.[1] However, the complaint contains insufficient factual allegations to plausibly state such § 1983 claims. *See Bazzi v. City of Dayton,* 658 F.3d 598, 602 (6th Cir. 2011); *Sykes v. Anderson*, 625 F.3d 294, 308-09 (6th Cir. 2010); *Voyticky v. Village of Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005).

---

[1] The undersigned presumes Plaintiff seeks to assert federal constitutional claims under § 1983 because, in the absence of such federal claims, this Court would lack subject matter jurisdiction. Plaintiff indicates that all parties are citizens of Ohio. Doc. 1-2 at PageID 5. Thus, there is no basis for diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Given the recommendation set forth herein, to the extent the allegations could reasonably be construed to allege state claims, the undersigned recommends that the Court decline to exercise supplemental jurisdiction over any such claims. *See* 28 U.S.C. § 1367(c)(3).

Additionally, the Court notes that Foward is a private citizen -- *i.e.*, not a "state actor"[2] -- against whom civil rights claims under § 1983 are limited. *See Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003). Plaintiff has not pled sufficient facts to maintain a § 1983 case against him. *See id.* at 590-91.

Finally, with regard to allegations that Sergeant Ronald Robinson killed his brother in 1980, *see* doc. 1-1 at PageID 4, to the extent that Plaintiff is attempting to assert a claim in this regard, the Court notes that Plaintiff has not named Sergeant Robinson as a defendant in this case, explained how the named Defendants were involved in his brother's death, or connected his brother's death in 1980 to a 2014 pre-sentence report that allegedly contains the details of his claims. Regardless, any allegation regarding the death of Plaintiff's brother fails to provide a basis for relief under § 1983 because it concerns events that occurred well outside the statute's two-year statute of limitations. *Browning v. Pendleton,* 869 F.2d 989, 992 (6th Cir. 1989); *Ashiegbu v. Kim*, No. 97-3303, 1998 WL 211796, at *1 (6th Cir. Apr. 24, 1998).

**IV.**

For the foregoing reasons, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to 28 U.S.C. § 1915(e)(2)(B). It is further **RECOMMENDED** that the Court **CERTIFY** that an appeal of an Order adopting this Report and Recommendation would be frivolous and not taken in good faith, and therefore Plaintiff be **DENIED** *in forma pauperis* status on such an appeal. *See* 28 U.S.C. § 1915(a)(3).

Date:   December 17, 2015                    *s/ Michael J. Newman*
                                             Michael J. Newman
                                             United States Magistrate Judge

---

[2] To state a claim under § 1983, Plaintiff must allege sufficient facts showing that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327, 330 (1986).

4

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).